Wright, J.,
delivered the opinion of the Court.
This case is to be decided upon the construction of the marriage contract entered into between the complainant and her husband, John Hoyle, on the 12th of February, 1829. The question is, as to the power of complainant, under that instrument.
*91 The rule laid down in Morgan v. Elam, 4 Yerg., 375-451, and followed in many cases since, is, that the Courts shall give effect to the intention of the parties; which intention is to be collected from the whole scope of the instrument. That the wife’s power and right to dispose of the property in the contract, are not those of a feme sole, but depend upon the terms of the deed of settlement; and that she can dispose of the property only in the manner and by the modes designated in the deed. And if she do so in any other mode, her act is void. 8 Humph., 159, 209; 1 Swan, 489.
Testing this marriage contract by these rules, the deed of the complainant to James Henry Smith, dated the 2d of October, 1844, is inoperative, for want of power in her to make it. It is a deed of gift in pre-sentí, of her entire estate, in the slaves. But this the deed of marriage settlement did not provide for or contemplate. She had no power, as we think, to make gifts inter vivos, or conveyances to take effect previous to her death. Her powers of disposition are only testamentary in their character. This, we think, appears from the entire reading and scope of the instrument.
If she had children, she was not to have any power of disposition at all. If she had none, then she was to have the same right of disposition as if she had not married. These terms are very comprehensive; and taken singly, and alone, would have great effect. But they are immediately qualified by what follows; and the parties go on and at once designate the complainant’s powers. That is, that the estate shall be hers, and at her disposal by will, or if she should die without a will, it shall descend to the person, or persons, that she may, *92 in her life-time, say it shall go to; and the right shall be vested in said person or persons, in as valid a manner as though she had made her will; and John Hoyle, the husband, binds himself, his heirs, etc., to surrender the possession of the estate to any person that may be entitled to it by Tier will, or, as aforesaid, at her death: and if she died without a will, proof of her saying who should have her property, hy two or more persons disinterested, and of good character, should be sufficient to vest the right agreeably to the above article. Her powers look altogether to acts that are to have effect at her death. If she leave a will, then that supersedes every other power of disposition. If she leave no will, or be in extremis, then she may say, in the presence of witnesses, what person shall take her estate. Was it intended that she could, by gift, in her life-time, deprive herself of the entire estate. In the language of the Lord Chancellor in Reid v. Shergold, 10 Ves., 378, are not her hands tied up from indulging her inclination against herself? Is not the power confined to a giving by will, or other act in the nature oj a will, revocable in every period of life; the power given in that way to protect her against her own act ?
Again, he says, “it is impossible to hold, that the execution of an instrument or deed, which, if it availed to any purpose, must avail to the destruction of that power the testator meant to remain capable of execution to the moment of her death, can be considered,-in equity, an attempt in, or towards the execution of the power.” 10 Ves., 380.
We reverse the decree of the Chancellor, and decree for complainant.